*[Parties and counsel listed on signature pages]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

This Document Relates to:

*Charleston County School District v. Meta Platforms Inc., et al.*

Case No.: 4:23-cv-4659-YGR

*Tucson Unified School District v. Meta Platforms Inc., et al.*

Case No.: 4:24-cv-01382-YGR

Case No. 4:22-MD-03047-YGR

MDL No. 3047

**JOINT TRIAL STIPULATIONS (SET #3) AND [PROPOSED] ORDER AUTHORIZING RESTRICTED REMOTE AUDIOVISUAL ACCESS TO TRIALS**

Judge: Hon. Yvonne Gonzalez Rogers

Magistrate Judge: Hon. Peter H. Kang

Charleston County School District ("CCSD") and Tucson Unified School District ("TUSD") ("Plaintiffs") and Meta Platforms, Inc., f/k/a Facebook, Inc., Instagram, LLC, Snap, Inc., TikTok Inc., TikTok, LTD, TikTok LLC, Bytedance LTD, Bytedance Inc., Google, LLC, and YouTube LLC ("Defendants") (together, the "Parties") hereby stipulate, and respectfully request that the Court order, that the following procedures shall apply to remote audiovisual access during the trial of this case:

1. WHEREAS the Court has the discretion to control restrictions on remote access to trial proceedings, including providing non-public, limited audiovisual access in certain circumstances. *See* Northern District of California Civil Local Rule 77-3(a) ("[J]udges of this Court may, in their discretion, provide . . . remote video or audio access to civil court proceedings."). Federal district courts overseeing mass tort liability trials have permitted non-public remote access in similar circumstances. *See, e.g.*, *In re Uber Techs., Inc. Passenger Sexual Assault Litig.*, 3:23-md-3084 (CRB) (N.D. Cal.) (audio feed); *City of Huntington v. AmerisourceBergen Drug Corp.*, No. 17-cv-01362 (DAF) (S.D. W.Va.) (audiovisual feed).

2. WHEREAS Northern District of California Civil Local Rule 77-3(b)(2) prohibits remote public video access to jury trials.

3. WHEREAS the Parties agree that remote audiovisual access to the trial proceedings should be provided to pre-authorized and pre-registered counsel of record, their staff, and in-house counsel for the Parties, the MDL Personal Injury and School District ("PISD") Plaintiffs, and the JCCP Plaintiffs, as well as expert witnesses retained by the Parties who appear on the Parties' final witness lists.

4. WHEREAS Defendants' position is that remote audiovisual access should not be afforded to anyone else, including members of the general public, news media, or State AGs, and Plaintiffs agree to this limitation for purposes of this stipulation, in light of the Court's guidance regarding remote audiovisual access for the *Breathitt* trial. *See* March 18, 2026 Case Management Conf. Tr. 127:5-128:11; *see also* Dkt. 3270 (AG-Meta Stipulation re Remote Access).

5. WHEREAS in prior trial proceedings in this coordinated multidistrict litigation the Court has provided remote audio access to the public pursuant to Northern District of California Civil Local Rule 77-3(a); *see also* May 27, 2026 Pretrial Conf. Tr. 88:6–7.

6. THEREFORE the Parties agree, subject to Court approval, that:

a. Remote, non-public audiovisual access to the trials of these Plaintiffs' cases shall be limited to pre-authorized and pre-registered (i) counsel of record and their staff; (ii) in-house counsel for the Parties; (iii) counsel for the MDL PISD Plaintiffs and the JCCP Plaintiffs; and (iv) expert witnesses retained by the Parties who appear on the Parties' final witness lists (together, "Remote Attendees"). The general public, news media, and any other person or entity not specifically identified in the previous sentence shall be prohibited from obtaining remote audiovisual access.

b. There shall be no recording of the remote access audiovisual feed, including through videorecording, screen capture, audio recording, downloading, or any other means.

c. The following procedures shall apply to obtaining restricted remote audiovisual access at trial:

i. Remote Attendees must individually pre-register for non-public, restricted audiovisual access to the trial proceedings.

ii. Remote Attendees must do so by attesting that they satisfy the definition of Remote Attendee set forth above and that they will not share the link with any person. Once authorized, Remote Attendees are permitted to access the Court-approved audiovisual platform.[1]

iii. Remote Attendees shall receive a secure, restricted audiovisual link to the trial proceedings that may only be used by the person who has pre-

[1] The parties respectfully suggest that the Court's Zoom.gov audiovisual platform can provide secure, non-public access to the trial proceedings. The parties commit to working with the Court on logistics so as not to over burden court staff and, in addition, to providing guidance on setting up the link so that attendees are unable to unmute or display themselves.

registered.

d. Violation of any of the preceding paragraphs, including unauthorized access or recording, shall be punishable by contempt or other sanctions imposed by the Court.

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Pursuant to Northern District of California Civil Local Rule 77-3 and this Court's inherent authority to manage its proceedings, and for good cause shown, the Stipulation of Charleston County School District ("CCSD") and Tucson Unified School District ("TUSD") ("Plaintiffs") and Meta Platforms, Inc., f/k/a Facebook, Inc., Instagram, LLC, Snap, Inc., TikTok Inc., TikTok, LTD, TikTok LLC, Bytedance LTD, Bytedance Inc., Google, LLC, and YouTube LLC ("Defendants") is **GRANTED**.

Remote, non-public audiovisual access to the trials of these Plaintiffs' cases shall be granted to pre-authorized and pre-registered (i) counsel of record and their staff; (ii) in-house counsel for the Parties; (iii) counsel for the MDL PISD Plaintiffs and the JCCP Plaintiffs; and (iv) expert witnesses retained by the Parties who appear on the Parties' final witness lists (together, "Remote Attendees").

Remote Attendees shall be permitted to access the trial proceedings remotely via a Court-approved audiovisual platform, subject the Court's instructions, all applicable rules, and the following stipulated procedures:

Remote Attendees must individually pre-register for non-public, restricted audiovisual access to the trial proceedings. Remote Attendees must do so by attesting in writing that they satisfy the definition of Remote Attendee set forth above and that they will not share the link with any person.

Pre-registered Remote Attendees shall receive a secure, restricted audiovisual link to the trial proceedings that may be used only by that person. All other persons or entities—including the general public, news media, and State AGs pursuing parallel actions against Defendants outside of this MDL—shall be prohibited from obtaining or attempting to obtain remote audiovisual access to the trial proceedings.

This Order does not authorize remote witness testimony, nor does it limit the Court's discretion to require in-person attendance or to modify these procedures at any time.

Dated:________________________

________________________________

The Honorable Yvonne Gonzalez Rogers
United States District Judge

Dated: November 19, 2026

Respectfully Submitted,

**MOTLEY RICE LLC**

By: */s/ Previn Warren*
Previn Warren
401 9th Street NW Suite 630
Washington, DC 20004
Tel: 202-386-9610
pwarren@motleyrice.com

Esther Berezofsky
210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002
Tel: 856-667-0500
Fax: 856-667-5133
eberezofsky@motleyrice.com

Lance V. Oliver
Marlon E. Kimpson
Sara O. Couch
Jade Haileselassie
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
Telephone: 843-216-9000
lovliver@motleyrice.com
mkimpson@motleyrice.com
scouch@motleyrice.com
jhaileselassie@motleyrice.com

*Counsel for Plaintiff Charleston County School District*

**WAGSTAFF & CARTMELL LLP**

*/s/ Thomas P. Cartmell*___________________
Thomas P. Cartmell

Thomas P. Cartmell (pro hac vice) Jonathan P. Kieffer (pro hac vice)
Austin Brane, SBN 286227
Michael P. Cutler, SBN 270663
WAGSTAFF & CARTMELL LLP 4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 701-1100
tcartmell@wcllp.com
jpkieffer@wcllp.com

abrane@wcllp.com
mcutler@wcllp.com

Kirk J. Goza (pro hac vice) Brad Honnold (pro hac vice) GOZA & HONNOLD LLC 9500 Nall Ave., Ste 400
Overland Park, KS 66207
Tel. (913) 451-3433
kgoza@gohonlaw.com
bhonnold@gohonlaw.com

*Counsel for Plaintiff Tucson Unified School District*

*/s/ Ashley M. Simonsen*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones (*pro hac vice*)
Paul W. Schmidt (*pro hac vice*)
Christian J. Pistilli (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com
Email: cpistilli@cov.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh Kilaru (*pro hac vice*)
Jolee Porter (*pro hac vice*)
Matthew R. Skanchy (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, D.C. 20036
Telephone: (202) 847-4010
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jporter@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com

Moira K. Penza (*pro hac vice*)

WILKINSON STEKLOFF LLP
130 W 42nd Street, 24th Floor
New York, NY 10036
Telephone: (212) 294-8925
Facsimile: (202) 847-4005
mpenza@wilkinsonstekloff.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram, LLC*

*/s/ Jonathan H. Blavin*

JONATHAN H. BLAVIN (SBN 230269)
Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel.: (415) 512-4000

E. MARTIN ESTRADA (SBN 223802)
Martin.Estrada@mto.com
L. ASHLEY AULL (SBN 257020)
Ashley.Aull@mto.com
VICTORIA A. DEGTYAREVA (SBN 284199)
Victoria.Degtyareva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel.: (213) 683-9100
Facsimile: (213) 687-3702

ALLISON BROWN, *pro hac vice*
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Tel.: (215) 268-5000

JESSICA DAVIDSON, *pro hac vice*
jessica.davidson@kirkland.com
JOHN J. NOLAN, *pro hac vice*
jack.nolan@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800

*Attorneys for Defendant Snap Inc.*

*/s/ Ashley W. Hardin*

ASHLEY W. HARDIN, *pro hac vice*
ahardin@wc.com
J. ANDREW KEYES, *pro hac vice*
akeyes@wc.com

NEELUM J. WADHWANI (SBN 247948)
nwadhwani@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Tel.: (202) 434-5000

*Attorneys for Defendants YouTube, LLC and Google LLC*

/s/ Daniel M. Petrocelli

DANIEL M. PETROCELLI (SB #97802)
dpetrocelli@omm.com
SABRINA H. STRONG (SB #200292)
sstrong@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700

STEPHEN D. BRODY (*pro hac vice*)
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300

GEOFFREY M. DRAKE, *pro hac vice*
gdrake@kslaw.com
TACARA D. HARRIS, *pro hac vice*
tharris@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

DAVID P. MATTERN, *pro hac vice*
dmattern@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

BAILEY J. LANGNER (SBN 307753)
blangner@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

*Attorneys for Defendants TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok LLC*

**ATTESTATION**

I, Previn Warren, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: November 19, 2026

By: /s/ *Previn Warren*